IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER S. WADE,  )
        )
    Plaintiff,  )
        )
  -vs-  )    Civil Action No. 15-311
        )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
        )
    Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

**I.  BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications and asserted she had been disabled since March 10, 2011. (ECF No. 5-6, p. 33). Administrative Law Judge ("ALJ"), Jeffrey P. La Vicka, held a video teleconference hearing on June 18, 2013. (ECF No. 5-3, pp. 2-52). On July 25, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 13-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. <u>Opinion of Treating Physician</u>

Plaintiff first argues that the ALJ erred in failing to provide adequate reasons for rejecting the opinion of her treating physician, Dr. Patrick Arakawa. (ECF No. 10, pp. 13-16). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a

3

whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ assigned "no controlling or otherwise significant weight" to the opinion of Plaintiff's primary care physician, Dr. Arakawa, "in terms of reliably projecting [Plaintiff's] optimal level of functionality over any period of 12 consecutive months bearing upon the period of adjudication" because Plaintiff had told her surgeon (Dr. Donaldson) that she was "doing much better." (ECF No. 5-2, p. 21). Just because someone is doing better or improves does not necessarily mean that Plaintiff's work related abilities and limitations improved or are adequate. It very well could mean that in her improved state, Plaintiff still had serious limitations preventing Plaintiff from working on a sustained basis. In fact, in subsequent records of Dr. Donaldson, it was noted that Plaintiff improved for only about a month. (ECF No. 5-12, p. 36). Thereafter, she started to get pains again. *Id.* Thus, rejection of Dr. Arakawa's opinions as to functionality of Plaintiff on this basis is not borne out by the record.

The ALJ also did not consider Dr. Arakawa's opinion to be reliable "based upon objective medical findings…." (ECF No. 5-2, p. 21). This statement is nothing more than conclusory. An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing

4

court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). An ALJ must provide "an expression of the evidence s/he considered which supports the result…In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Carter v. Apfel*, 220 F.Supp.2d 393, 396 (M.D. Pa. 2000), *citing*, *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981), *rehearing denied*, 650 F.2d 481 (3d Cir. 1981). Based on the conclusory statement by the ALJ, I am unable to conduct a meaningful and proper review.

The ALJ also rejects the opinion of Dr. Arakawa because "it appears [to be] predicated in significant part upon the claimant's presentation and subjective complaints, which are not herein deemed to be fully credible." (ECF No. 5-2, p. 21). I must defer to an ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). In this case, I find the ALJ attempts to discredit Plaintiff based on speculation and potentially bias reasons not borne out by the record, nor supported by substantial evidence. *See, infra.*

Consequently, I find the reasons for rejecting Dr. Arakawa's opinion unfounded and improper. Therefore, remand of this case is warranted as it relates to the opinion of Dr. Arakawa.

### C. Plaintiff's Subjective Complaints of Pain

Plaintiff argues that the ALJ erred in improperly evaluating Plaintiff's subjective complaints of pain and in discrediting Plaintiff's complaints of pain. (ECF No. 10, pp. 20-21). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c),

5

404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, Plaintiff specifically asserts that the "ALJ did not show any rational basis for discounting Plaintiff's testimony." (ECF No. 10, p. 21). After a review of the record, I agree. The ALJ's opinion is rife with speculation and potentially bias statements unsupported by the record. For example, based on nothing more than speculation, the ALJ finds Plaintiff to have "diminished" credibility because she smokes 3-4 cigarettes a day. (ECF No. 5-2, p. 19). He also suggests Plaintiff is a "medication-dependent/reliant individual" and as such she is more apt to lie about her symptoms. *Id.* This is not borne out by the evidence. No doctor suggests that Plaintiff is an addict during the relevant time period. To the contrary, Dr. Arakaw indicated that Plaintiff was not a malingerer. (ECF No. 5-11, p. 79). Thus, the fact that Plaintiff has been prescribed (and takes) medication that may have addictive qualities is of no moment. Additionally, I am confused by the ALJ's opinion rejecting Plaintiff's testimony that she is in pain all day based on her testimony that she drives. (ECF No. 5-2, p. 19). As Plaintiff testified, she is homeless and drives basically to wherever she is going to stay. (ECF No. 5-3, pp. 10, 15-16, 28, 38). Based on the above, I find the ALJ discounted Plaintiff's credibility based on improper reasons and cannot stand. Consequently, remand is warranted on this issue as well.

### D.     Residual Functional Capacity ("RFC") [1]

Plaintiff also argues that the ALJ improperly determined her RFC. (ECF No. 10, pp. 16-20). In this case, the ALJ attempts to use certain testimony to determine Plaintiff's RFC. (ECF No. 5-2, pp. 17-23). Since I have found that the ALJ erred in evaluating the opinion evidence and in determining the credibility of Plaintiff, his finding regarding Plaintiff's RFC simply cannot stand. Thus, I find remand is warranted on this issue as well.

An appropriate order shall follow.

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform sedentary work with numerous exceptions. (ECF No. 5-2, p. 17).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER S. WADE,  )
  )
      Plaintiff,  )
  )
-vs-  )    Civil Action No. 15-311
  )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
  )
      Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 6th day day of October, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                        BY THE COURT:

                        s/ Donetta W. Ambrose
                          Donetta W. Ambrose
                          United States Senior District Judge